```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
```

SEAN STEPHEN and DARYL STEPHEN  :

              Plaintiffs,  :

   -against-  :  03-CV-6226 (KAM)

POLICE OFFICER JOHN HANLEY, Shield No.  :
13199, POLICE OFFICER EDGAR BOURDON,  :
Shield No. 30988, SERGEANT JUAN WHITE,  :
POLICE OFFICER MICHAEL ILIADIS,  :
POLICE OFFICER TERRANCE BRILL,  :
POLICE OFFICER PATRICK COLEMAN,  :
POLICE OFFICER DEREK DUNSTON,  :
POLICE OFFICER RICHARD MILLER, and  :
DETECTIVE JOSE HERNANDEZ,  :

              Defendants.  :

```
-----------------------------------------------------------x
```

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE HEARSAY EVIDENCE FROM TRIAL

Pursuant to Rule 16(c)(2)(C) and (D) of the Federal Rules of Civil Procedure and Rules 403, 701, 801, 802 and 803 of the Federal Rules of Evidence, Plaintiffs Sean Stephen and Daryl Stephen respectfully submit this memorandum of law in support of their motion *in limine* to preclude Defendants from offering or referring to certain evidence at trial.

### INTRODUCTION AND BACKGROUND

Ms. Chestimah ("Cece") O'Neil is a non-party that Plaintiffs intend to call as a witness at trial. Plaintiffs anticipate that Ms. O'Neil will testify that she was present outside 1316 Sterling Place on July 12, 2002 when she observed a group of police officers continuously beat a handcuffed Sean Stephen as they dragged him to a police cruiser. *See* O'Neil Dep. Tr. at 28:9-29:24 (attached hereto as Exhibit 1). Plaintiffs also expect that Ms. O'Neil will tell the jury how

she witnessed a police officer beat Sean Stephen, even after he had been secured in the back seat of a police cruiser. *Id.*

In addition to testifying as to her knowledge about what transpired outside 1316 Sterling Place on July 12, 2002, Ms. O'Neil also stated during her deposition that she heard that Daryl Stephen has a girlfriend. Although Ms. O'Neil later admitted that she has no personal knowledge of Daryl Stephen's personal life, Ms. O'Neil nonetheless testified that Daryl's father told her one morning that "Daryl is at his girlfriend's house." *Id.* at 11:18-12:14; 12:2-6. As indicated in the Joint Pre-Trial Order submitted by the parties,[1] Defendants will seek to introduce this testimony into evidence at trial, presumably in an effort to cast doubt on Plaintiffs' contention that Daryl Stephen suffers from Chronic Post Traumatic Stress Disorder ("PTSD") as a result of the severe trauma he sustained while being assaulted by the Defendants inside his grandmother's apartment.

Because Defendants intend to introduce Ms. O'Neil's testimony about what Sean Stephen told her about Daryl Stephen to establish the truth of the matter asserted—that Daryl Stephen has a girlfriend—the testimony should be excluded from evidence as inadmissible hearsay.

## ARGUMENT

### I. **LEGAL STANDARD**

The purpose of a motion *in limine* is to allow trial courts to rule on the relevance and admissibility of certain evidence before it is offered at trial. *See Ebbert v. Nassau County*, No. CV 05-5445, clip copy, 2008 WL 4443238, at *2 (E.D.N.Y. Sept. 26, 2008); *Loussier v. Universal Music Group, Inc.*, 02 Civ. 2447, 2005 U.S. Dist. LEXIS 37545, at *2-3 (S.D.N.Y. July 14, 2005). *In limine* motions "aid the trial process" by enabling courts to make advance

---

[1] Joint Pre-Trial Order at 39-40.

rulings on evidence, thereby avoiding "lengthy argument at, or interruption of, trial." *Sanders v. The Ritz-Carlton Hotel Co., LLC*, 05 Civ. 6385, 2008 U.S. Dist. LEXIS 68371, at *2-3 (S.D.N.Y. Sept. 9, 2008) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "The trial judge is vested with wide discretion in determining whether an adequate foundation has been laid for admission of the evidence and whether its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Shatkin v. McDonnell Douglas Corp.*, 727 F.2d 202, 207 (2d Cir. 1984). An *in limine* motion should be granted where a limiting instruction would provide "insufficient protection" against the danger of unfair prejudice and the opposing party "has less prejudicial ways to prove its case." *United States v. Nachamie*, 101 F. Supp. 2d 134, 146 (S.D.N.Y. 2000).

## II. MS. O'NEIL'S STATEMENTS CONCERNING WHAT SEAN STEPHEN TOLD HER ABOUT DARYL STEPHEN ARE INADMISSIBLE HEARSAY

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. FED. R. EVID. 801. *See Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris Inc.*, 141 F. Supp. 2d 320, 323 (E.D.N.Y. 2001). In the instant matter, Sean Stephen allegedly told Ms. O'Neil that Daryl Stephen was "at his girlfriend's house." O'Neil Dep. Tr. at 11:18-12:14. Apparently, Ms. O'Neil interpreted Sean's alleged comment to mean that Daryl Stephen has "little girlfriend here, little girlfriend there." *Id.* at 11:18-25. Defendants seek to introduce Ms. O'Neil's testimony about what Sean conveyed to her for the truth of the matter asserted – namely, that Daryl has a girlfriend.

As evidenced by Ms. O'Neil's deposition testimony, any purported knowledge that she has about Daryl's personal life is secondhand. In fact, she testified that she "doesn't know anything about Daryl's personal life," *Id.* at 13:2-3, and the only reason she claims to know that

3

Daryl has a girlfriend is because Sean allegedly told her as much. *Id.* at 11:24-25. Excluding secondhand statements about another's behavior is a clear application of the hearsay doctrine. *See, e.g., Gore v. Health Research Inst.*, No. 02 CV 2432, 2007 WL 1120456, at *7 (E.D.N.Y. Apr. 16, 2007) (holding that plaintiff's allegations of workplace harassment were supported by secondhand descriptions provided by other employees and therefore were inadmissible hearsay); *Wheeler v. Natale*, 178 F. Supp. 2d 407, 411 (S.D.N.Y. 2001) (holding that plaintiff's deposition testimony about a statement made to plaintiff's mother by defendant was inadmissible hearsay): *Rizzo-Puccio v. College Aux. Svcs.*, 71 F. Supp. 2d 47, 57 (N.D.N.Y. 1999) (excluding plaintiff's secondhand knowledge of discriminatory workplace practices as inadmissible hearsay).

### III. MS. O'NEIL'S STATEMENTS ARE NOT ADMISSIONS BY PARTY OPPONENT

The Federal Rules of Evidence exclude from the definition of hearsay an admission by a party opponent, which is defined as a statement that is offered against a party and is:

> (A) the party's own statement, in either an individual or a representative capacity, or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by party's agent . . . concerning a matter within the scope of the agency . . . made during the course of the agency . . ., or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

FED. R. EVID. 801(d)(2).

As evidenced by the plain language of 801(d)(2), the party against whom the statement is offered must be the same party who made the statement. In order for a statement to qualify as an admission, therefore, it must "(1) be offered against a party and (2) be the party's own statement." *United States v. Zahrey*, 963 F. Supp. 1273, 1291 (E.D.N.Y. 1997). In the instant matter, Sean's alleged statements to Ms. O'Neil purporting that Daryl was at his girlfriend's house are being offered against Daryl to weaken Daryl's claim that he currently suffers from

Post Traumatic Stress Disorder ("PTSD"). The problem for the Defendants, however, is that Daryl did not make those statements, but, rather, his father allegedly made those statements. Accordingly, the exceptions highlighted by 801(d)(2) are inapplicable, and Sean Stephen's statements cannot be used against Daryl, his co-plaintiff.

Although it is well established that a statement by a co-conspirator made in furtherance of a conspiracy is not hearsay, (see FED. R. EVID. 801(d)(2)(E)), this is not a criminal case, and the Stephens have never been alleged to be co-conspirators  And even if Defendants offered some far-fetched and attenuated co-conspiracy theory, albeit as *Defendants* in a civil context, the casual comment allegedly made by Sean Stephen was certainly not made "in furtherance of a conspiracy." *Cf. United States v. Poitevien*, 269 F. App'x. 15, 16 (2d Cir. 2008) (holding that statements recorded at trial were not hearsay because they were made by co-conspirators in furtherance of a conspiracy); *Fischl v. Armitage*, 128 F.3d 50, 58 (2d Cir.1997) (same).

Accordingly, because Defendants' seek to introduce the alleged statement for the truth of the matter asserted, and because the statement was allegedly made by Sean Stephen, not Daryl Stephen, it must be excluded as inadmissible hearsay.

## CONCLUSION

Because Ms. O'Neil's statements about what Sean Stephen allegedly told her about Daryl Stephen having a girlfriend are inadmissible hearsay, Defendants should be precluded from soliciting or relying on these statements at trial.

Dated: January 30, 2009

Respectfully submitted,

MAYER BROWN LLP

By: _____

Joseph De Simone
David McGill
Shane Kelbley
Domenic Cervoni
1675 Broadway
New York, NY 10019
Tel: (212) 506-2500
Fax: (212) 849-2559
Email: jdesimone@mayerbrown.com
Email: dmcgill@mayerbrown.com
Email: skelbley@mayerbrown.com
Email: dcervoni@mayerbrown.com

*Attorneys for Plaintiffs*