UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEAN STEPHEN and DARYL STEPHEN,

                Plaintiffs,

       -against-

POLICE OFFICER JOHN HANLEY, Shield No. 13199, POLICE OFFICER EDGAR BOURDON, Shield No. 30988, SERGEANT JUAN WHITE, POLICE OFFICER MICHAEL ILIADIS, POLICE OFFICER TERRANCE BRILL, POLICE OFFICE PATRICK COLEMAN, POLICE OFFICER DEREK DUNSTON, POLICE OFFICE RICHARD MILLER, and DETECTIVE JOSE HERNANDEZ,

                Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE***

03-CV-6226 (KAM)

ECF Case

Plaintiffs Sean Stephen and Daryl Stephen ("Plaintiffs") respectfully submit this memorandum of law in support of their opposition to Defendants' motions *in limine* to preclude certain evidence from trial.

### PRELIMINARY STATEMENT

Plaintiffs commenced this civil rights action against Defendants, New York City Police Officers, for the use of excessive force in violation of 42 U.S.C. § 1983. Plaintiffs allege that in the pre-dawn hours of July 10, 2002, they were brutally beaten and verbally assaulted by police officers, who used vulgar language and racial epithets during a search of the apartment where Plaintiffs were sleeping. As a result, Plaintiffs suffered serious physical and mental injuries.

**I.    DEFENDANTS' MOTION TO PRECLUDE THE INTRODUCTION OF NYPD PATROL GUIDES SHOULD BE DENIED**

The first prong of Defendants' motion *in limine* seeks to preclude certain sections of the New York Police Department Patrol Guide ("Patrol Guide") listed as exhibits by Plaintiffs in the

Joint Pretrial Order ("JPTO"),[1] on the grounds that they are inadmissible under Rule 402 and 403 of the Federal Rules of Evidence. This motion should be denied as moot, because it is based on the mistaken assumption that Plaintiffs intend to use the Patrol Guide sections in their case-in-chief. In fact, Plaintiffs intend to use the Patrol Guide sections for impeachment (a fact reflected in Plaintiffs' latest draft of the JPTO).[2] Specifically, in the event that Defendants affirmatively testify that their actions on July 10, 2002 were in compliance with the standards set forth in the applicable patrol guide sections, or, more generally, that they have never violated any provisions of the Patrol Guide, Plaintiffs plan to offer into evidence the pertinent Patrol Guide sections to show that Defendants' statements are false.

Thus, Defendants' argument that Patrol Guide sections are not relevant to a determination of whether Plaintiffs' constitutional rights were violated, or whether Defendants acted reasonably is inapposite. Plaintiffs do not claim that violations of the Patrol Guide are *per se* constitutional violations, but rather, that Patrol Guide provisions may be relevant in the event that Defendants characterize their behavior as conforming to the standards established by the NYPD. Plaintiffs readily concede that, if Defendants make no such assertions, no mention of Patrol Guides will be admitted. But in the event that Defendants offer testimony that their actions conformed to the mandates of the Patrol Guide, the Plaintiffs should be permitted to show that Defendants' testimony demonstrates that they did not, in fact, adhere to the relevant Patrol Guide provisions. *See Wilson v. Aquino*, 233 F. App'x. 73, 78 (2d Cir. 2007) (permitting the introduction of

---

[1]  Specifically, Defendants seek to preclude the following exhibits identified by Plaintiffs: Sections 212-75 (Search Warrant Applications), 203-11 (Use of Force), 203-12 (Deadly Physical Force), 208-01 (Law of Arrest), 208-02 (Arrests – Removal to Department Facility For Processing), 208-03 (Arrests – General Processing), 203-09 (Public Contact – General), and 203-10 (Public Contact – Prohibited Conduct), Bates Nos. 9841-9865.

[2]  In the most recent draft of the JPTO, Plaintiffs have listed case-in-chief, impeachment, and rebuttal exhibits separately so as to avoid confusion.

2

evidence to impeach defendant police officer's credibility in § 1983 suit "insofar as he claimed … his challenged actions comported with police department rules and regulations").

Contrary to Defendants' argument, introducing the Patrol Guide as impeachment evidence will not unduly prejudice Defendants. The probative value in demonstrating that a Defendant has made a false statement regarding his actions in relation to police procedures concerning the use of force, or for effecting arrests, clearly outweighs any prejudice that may result. Moreover, to the extent that the introduction of Patrol Guide sections might prejudice Defendants, the proper remedy is a limiting instruction, not exclusion. *See Wilson*, 233 F. App'x at 78 (decision to permit impeachment of defendant police officer's credibility after he had claimed his actions comported with police department rules and regulations was "within the district court's considerable discretion" because the court had "explicitly admonished the jury that the testimony could not be considered for any purpose other than credibility").

## II. DEFENDANTS' MOTION TO PRECLUDE EVIDENCE PERTAINING TO CIVILIAN COMPLAINTS AND OTHER INVESTIGATIONS INTO DEFENDANTS' PRIOR CONDUCT SHOULD BE DENIED

### A. The Civilian Complaint Review Board Documents Are Admissible as Part of Plaintiffs' Case-in-Chief Pursuant to Federal Rule of Evidence 404(b)

Defendants have moved to preclude six Civilian Complaint Review Board (CCRB) reports listed by Plaintiffs as potential exhibits in the JPTO.[3] Because Plaintiffs seek to introduce these reports as similar acts establishing a relevant pattern of conduct under Federal Rule of Evidence 404(b), Defendants' motion should be denied.

---

[3] Defendants object to the introduction of the following documents, attached hereto as Exhibit 1: "CCRB: Interview of Michael Iliadis," Bates Nos. 1250-1252; "CCRB: Letter to Ms. Thedison-Ballard," Bates No. 1432; "CCRB: Interview Report: Interview with Jack Ballard, Jr.," Bates Nos. 1453-1454; "CCRB: Interview Report: Interview with Officer Miller," Bates Nos. 1477-1478; "CCRB: Memorandum," Bates Nos. 2347-2348; "CCRB: Memorandum," Bates Nos. 3121-3123.

3

Under Rule 404(b), evidence of other crimes, wrongs or acts is generally not admissible to show a defendant's propensity to act in a certain way. *See United States v. Muniz*, 60 F. 3d 65, 69 (2d Cir. 1995). However, under the Second Circuit's "inclusionary" approach, such evidence is admissible for any other relevant purpose, so long as the risk of unfair prejudice does not substantially outweigh the probative value of the evidence under Rule 403. *See Ismail v. Cohen*, 899 F. 2d 183, 188-89 (2d Cir. 1990). Of particular importance to this case "specific acts of other misconduct may be introduced as extrinsic evidence under Rule 404(b) to prove wrongful intent, motive, or pattern of relevant conduct." *Id.* at 252-53 (citing *Huddleston v. United States*, 485 U.S. 681 (1988)).

In civil rights actions, courts have held that similar act evidence is admissible under Rule 404(b) where the evidence to be introduced shares unusual characteristics with the acts alleged, such that it establishes a modus operandi or pattern of conduct by the officer. *See Lewis v. City of Albany Police Dept.*, 547 F. Supp. 2d 191, 199-201 (N.D.N.Y. 2008) (finding that prior complaints against police officers "had substantial probative value ... all were of sufficiently similar circumstances to merit admission to prove [the officer's] modus operandi"); *Ismail v. Cohen*, 706 F.Supp. 243, 253 (S.D.N.Y. 1989) (finding that the officer's actions "represent a relevant pattern"). For example, the court in *Ismail* admitted a CCRB report containing accusations that a police officer applied handcuffs too tightly, then falsely claimed that the arrestee injured him, because those accusations were similar to the issue in the disputed case. *Id.* The court admitted the CCRB report in part because it showed "a pattern of lashing out physically when [the officer] feels his authority is challenged. . ." as well as the officer's "wrongful intent to abuse his public office and to lie thereafter about it." *Id.* As in *Ismail*,

4

Plaintiffs in the instant case seek to introduce six CCRB documents to demonstrate a relevant pattern of conduct by Defendants.

The CCRB documents at issue contain allegations of conduct strikingly similar to the conduct that Plaintiffs have alleged in their Complaint. For instance, two of the CCRB documents relate to complaints – substantiated by the CCRB[4] – accusing two Defendants of using their feet to pin a handcuffed arrestee to the ground while using discourteous, abusive language. *See* Ex. 1, Bates Nos. 2347-2348, 3121-3123. In one of those CCRB complaints, a witness observed one of the Defendants "punch and beat" an individual during the course of an arrest. *Id.* at Bates No. 3121. Another CCRB document at issue describes an incident in which an arrestee claimed the NYPD officers who had arrested him used excessive force and abusive language. The CCRB document at issue recounts the Defendants' own statement, in which he claimed no knowledge of the arrestee's injuries or any abusive language. *See* Ex. 1, Bates Nos. 1251-1252. Finally, three of the documents Plaintiffs seek to introduce relate to a substantiated complaint wherein an arrestee complained that a Defendant shoved him up against a wall, handcuffed him, pushed him to the ground, hit him with the butt of a rifle, and refused him medical attention during the arrest. *See* Ex. 1, Bates No. 1432, 1453-1454, 1477-1478.

Taken together, the similarities between the conduct described in these CCRB documents and the details of the Plaintiffs' allegations are evident, and establishes a relevant pattern of conduct on Defendants' part.

Defendants argue that CCRB reports constitute inadmissible propensity evidence, citing *Thompson v. City of New York*, 05 Civ. 3082, 2006 U.S. Dist. LEXIS 4797 (S.D.N.Y. Feb. 7,

---

[4] A CCRB complaint is labeled "substantiated" when a three member panel, composed of members of the public, issues a finding on the merits after an investigation. *See* NYC CCRB Website, Frequently Asked Questions, http://www.nyc.gov/html/ccrb/html/faq.html#7.

5

2006). Defendants fail to mention, however, that *Thompson* dealt with the exclusion of *unsubstantiated* CCRB complaints, not, as in the instant case, substantiated complaints. *See id.* at 2.[5] Likewise, Defendants' reliance on *Berkovich v. Hicks*, 922 F.2d 1018 (2d Cir. 1991), suffers from the same faulty logic. In *Berkovich*, it is clear that the court's decision was heavily influenced by the fact that six of the seven CCRB reports involved unsubstantiated complaints. See *id.* at 1023 ("The earlier exoneration of [Defendant] on six of the seven prior [CCRB] complaints ... lessens the probative value of [the] similar act evidence.").

A recent case highlights the faulty logic of Defendants' position. In *Lewis v. City of Albany Police Dept.*, the court denied a motion to overturn a jury verdict against a defendant, where the trial court had permitted plaintiffs to present evidence of certain civilian complaints against the defendant, a police officer. *Lewis*, 547 F. Supp. 2d at 199-201. In *Lewis* – as in the instant case – all but one of the CCRB exhibits involved substantiated claims "and all were of sufficiently similar circumstances to merit admission to prove [Defendant's] modus operandi." *Id.* at 201. In denying the defendant's motion to overturn, the court in Lewis stated that "the admission of the prior complaints ... was not inconsistent with the Second Circuit's approach in *Berkovich*" and went on to state that "[t]he prior complaints were properly admitted ... to prove identity, motive and intent, and modus operandi." *Id.*

For the foregoing reasons, Defendants' motion to preclude the introduction into evidence of the six CCRB records at issue pursuant to Rules 403 and 404(b) should be denied.

---

[5] Five of the six CCRB exhibits at issue relate to substantiated CCRB complaints, and the remaining report consists of an explanation given by one of the Defendants, which is clearly less prejudicial than the types of unsubstantiated reports considered in *Thompson*.

6

### B. The CCRB Reports and Documents Relating to Richard Miller's Deposition Upon Written Questions are Admissible as Impeachment Evidence

In addition to seeking to preclude Plaintiffs from using the six CCRB documents described above as case-in-chief evidence, Defendants also seek to preclude Plaintiffs from using those same documents – along with two documents regarding an incident in which Defendant Miller shot and killed a suspect – for impeachment purposes. For the reasons set forth below, this evidence is admissible for impeachment purposes, pursuant to Federal Rules of Evidence 402, 403, and 607.

Rules 402 and 403 govern the admissibility of extrinsic evidence offered for impeachment purposes other than a witness' character for truthfulness, such as contradiction. *See United States v. Tarantino*, 846 F.2d 1384 (D.C. Cir. 1988). In the instant case, Plaintiffs plan to introduce the CCRB documents and Defendant Miller's deposition answers as impeachment evidence, should Defendants claim that they have never been involved in the type of misconduct that Plaintiffs allege. If used to impeach Defendants' false statements on this subject, the probative value of the documents at issue outweighs any prejudice that may result, and they should be admitted. *See, e.g,. Williams v. McCarthy*, No. 05 Civ. 10230, 2007 WL 3125314, at *5-6 (S.D.N.Y. Oct. 25, 2007) (denying a motion to preclude the introduction of CCRB reports, where plaintiff argued that they "may be relevant for impeachment purposes if [defendants] argue that they were never disciplined or were never involved in the same type of circumstances before"); *Katt v. New York City Police Dep't*, No. 95 Civ. 8283, 1997 WL 394593, at *4 (S.D.N.Y. July 14, 1997) (stating that if one of the officers "makes the type of broad disclaimer of misconduct that plaintiff anticipates, she can then move to discover impeachment materials relating to such disclaimer").

7

For the foregoing reasons, Defendants' motion should be denied to the extent it attempts to preclude Plaintiffs from introducing as impeachment evidence the CCRB reports at issue or exhibits relating to the deposition of Defendant Richard Miller.

## III. THE WITNESS STATEMENTS INCLUDED BY PLAINTIFFS IN THE JPTO ARE ADMISSIBLE AS REHABILITATION EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(1)(B)

Defendants' motion *in limine* to preclude statements made by witnesses to the underlying incident (the "statements") mistakenly assumes that Plaintiffs seek to introduce these witness statements as part of their case-in-chief. In fact, Plaintiffs plan to use the statements only as rehabilitation evidence, and have listed them in the JPTO only to conform with the Court's individual practice rules. *See* Bianco Indiv. Practice R. IV(A)(10)(b); Matsumoto Indiv. Practice R. V(A)(11). At the time the JPTO was submitted, both Plaintiffs and Defendants had discussed the use of impeachment and rebuttal evidence, and indicated that such exhibits would be included in the JPTO.

Pursuant to Federal Rule of Evidence 801(d)(1)(B), when a witness is cross-examined at trial, a prior consistent statement may be introduced where the statement is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." FED. R. EVID. 801(d)(1)(B). Defendants' motion *in limine* has no foundation because Defendants were aware Plaintiffs never intended to use the statements in their case-in-chief.[6]

---

[6] Plaintiffs informed Defendants of their intent to use the statements as rehabilitation evidence during meet and confer sessions.

8

Because Plaintiffs intend to use the witness statements as potential prior consistent statements for rehabilitation purposes, and are not offering them as part of Plaintiffs' case-in-chief, Defendants' motion in limine on this issue should be denied.

## CONCLUSION

For the reasons stated above, Defendants' motions *in limine* seeking the preclusion of certain evidence should be denied in their entirety.

Dated: February 13, 2009

> Respectfully submitted,
>
> MAYER BROWN LLP
>
> By: /S/ Joseph De Simone
>
> Joseph De Simone
> David McGill
> Shane Kelbley
> Domenic Cervoni
> 1675 Broadway
> New York, NY 10019
> Tel: (212) 506-2500
> Fax: (212) 849-2559
> Email: jdesimone@mayerbrown.com
> Email: dmcgill@mayerbrown.com
> Email: skelbley@mayerbrown.com
> Email: dcervoni@mayerbrown.com
>
> *Attorneys for Plaintiffs*