UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEAN STEPHEN and DARYL STEPHEN,

                        Plaintiffs,

-against-

POLICE OFFICER JOHN HANLEY, Shield No. 13199, POLICE OFFICER EDGAR BOURDON, Shield No. 30988, SERGEANT JUAN WHITE, POLICE OFFICER MICHAEL ILIADIS, POLICE OFFICER TERRANCE BRILL, POLICE OFFICE PATRICK COLEMAN, POLICE OFFICER DEREK DUNSTON, POLICE OFFICE RICHARD MILLER, and DETECTIVE JOSE HERNANDEZ,

                        Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTIONS *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE FROM TRIAL**

03-CV-6226 (KAM)

ECF Case

      Pursuant to Rules 16(c)(2)(C) and (D) of the Federal Rules of Civil Procedure, Rules 402, 403, and 609 of the Federal Rules of Evidence, and governing case law, Plaintiffs Sean Stephen and Daryl Stephen respectfully submit this memorandum of law in support of their motions *in limine* to preclude Defendants from offering or referring to certain evidence at trial.

## PRELIMINARY STATEMENT

      The parties, in accordance with a court-ordered deadline, filed a Joint Pre-Trial Order ("JPTO") on November 13, 2008.  More than two months later, Defendants identified numerous additional exhibits to be added to the JPTO.  As Defendants' new exhibits were added only days before the *in limine* motions deadline, the Court granted Plaintiffs an extension of time, until February 13, 2009, to file the instant *in limine* motions.

**ARGUMENT**

I. **DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING INTO EVIDENCE ANY EXHIBITS OR TESTIMONY PERTAINING TO DARYL STEPHEN'S EMPLOYMENT RECORDS**

As an addition to the initial JPTO, Defendants have listed a document containing employment records from BJ's Wholesale Club for Plaintiff Daryl Stephen (the "employment records"), bates nos. 9895-9961. For the reasons set forth below, this Court should exclude the employment records as irrelevant collateral evidence, completely devoid of any probative value.[1]

A. **The Employment Records Are Irrelevant And Highly Prejudicial**

Rule 401 of the Federal Rules of Evidence ("Rules") defines relevant evidence as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Rule 402 provides that "[e]vidence which is not relevant is not admissible." FED. R. EVID. 402.

The fact that evidence may be deemed to be relevant does not *ipso facto* guarantee its admissibility, as Rule 403 provides that even if evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury …." FED. R. EVID. 403. "In making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by [the possibility] … that it will divert the jury from the facts which should control their verdict.'" *Bensen v. Am. Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *6 (S.D.N.Y. July 29, 1996) (citing *United States v. Krulewitch*, 145 F.2d 76, 80 (2d Cir. 1944)).

---

[1] Because Defendants listed Daryl's employment records as possible impeachment exhibits, Plaintiffs have limited their argument to the exclusion of evidence for impeachment purposes. Plaintiffs reserve their right to challenge the introduction of this evidence if Defendants later seek to use this evidence in their case-in-chief, or for the truth of the matters contained therein.

Evidence pertaining to Daryl's employment records does not make it any more probable or less probable that Defendants used force that was objectively unreasonable and excessive under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 388 (1989) (noting that the standard for determining whether law enforcement officers used excessive force is one of objective reasonableness). Moreover, introducing this exhibit – which consists of sixty-six pages of general hiring data, employee references and corrective interview forms – will only distract and confuse the jury, drawing their attention away from the facts and circumstances underlying Plaintiffs' excessive force claim. This Court should therefore exclude Daryl's employment records as wholly irrelevant and devoid of any probative value, impeachment or otherwise.

**B.     The Employment Records are Barred by the Collateral Impeachment Rule**

It is well established that collateral evidence is evidence that is "not relevant to some issue other than credibility and it is not offered for the purpose of disproving facts set forth by a witness for the opposing side on direct examination." *Lugo v. Edwards*, No. 97 Civ. 7789, 1998 U.S. Dist. LEXIS 14131, at *15 (S.D.N.Y. Sept. 9, 1998). Where "the only basis given at trial for introducing the foregoing evidence [is] . . . to impeach [a witness's] credibility, . . . its admission [is] barred by the collateral impeachment rule." *Id*. (quoting *People v. Innis*, 83 N.Y.2d 653, 612 (1994)). In other words, "the cross-examiner is bound by the answers of the witness to questions concerning collateral matters inquired into solely to affect credibility." *Escalona v. Sears*, CV 06-6769, 2008 U.S. Dist. LEXIS 79529, at *34 (E.D.N.Y. Oct. 8, 2008); *see also United States of America ex rel. Williams v. Scully*, No. 83-Civ-0572, 1984 U.S. Dist. LEXIS 16213, at *12 (S.D.N.Y. June 1, 1984).

Any answers that Daryl may provide that can be impeached by his employment records are undoubtedly collateral and not material to any issue in this case. As previously stated, this

case is about Defendants' use of unreasonable and excessive force against Plaintiffs on July 10, 2002.  Introducing extrinsic evidence concerning the particulars of Daryl's employment history will only cloud the jury's mind and cause them to focus on facts that bear no relevance to the elements of Plaintiffs' excessive force claim. Such an exercise would not only be a wasteful, but would also create a significant risk of a mini-trial within the trial over the merits of the records. *See Lugo*, 1998 U.S. Dist. LEXIS 14131, at *15 (noting that the "trial judge has the discretion to limit evidence to avoid numerous collateral mini-trials and the unnecessary and unproductive delays that would inevitably follow").

To the extent that Defendants intend to use the employment records to impeach Plaintiffs' claim that Daryl Stephen suffers from PTSD, Defendants should be limited to establishing that Daryl held a job at BJ's Wholesale Club for the period of his employment there. Any other potential use would be irrelevant, prejudicial and inadmissible under the collateral impeachment rule.  For the foregoing reasons, Defendants should be precluded from offering into evidence any exhibits or testimony pertaining to Daryl's employment records.

**II.  DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING INTO EVIDENCE ANY EXHIBITS OR TESTIMONY PERTAINING TO DARYL STEPHEN'S YOUTHFUL OFFENDER ADJUDICATION, PURSUANT  TO FEDERAL RULES OF EVIDENCE 402, 403, AND 609**

Defendants seek to introduce Plaintiffs Sean and Daryl Stephens' Reponses to Defendants' First Set of Interrogatories as additions to the JPTO.[2]  Defendants object to the

---

[2]   For the purpose of this motion *in limine*, Plaintiffs assume that the proposed exhibit Defendants refer to as "Plaintiff's First Reponses to Defendants' First Set of Interrogatories" is actually two documents:  Plaintiff Daryl Stephen's Answers to Defendants' First Set of Interrogatories, and Plaintiff Sean Stephen's Answers to Defendants' First Set of Interrogatories.

4

introduction of any evidence or testimony related to certain parts of Daryl Stephen's interrogatory answers, as set forth below.³

Defendants' First Set of Interrogatories ("Defendants' First Interrogatories"), served on July 20, 2006, contained the following language:

> 13. Identify each occasion on which plaintiff has been arrested other than the Incident that is the subject of this lawsuit, including the date of the arrest, the charges for which the plaintiff was arrested, and the amount of time that plaintiff spent incarcerated.
>
> 14. Identify each occasion in which plaintiff has been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which plaintiff was convicted, and amount of time that plaintiff spent incarcerated as a result of each conviction.

*See* Ex. 1, Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff, dated July 20, 2006, ¶¶ 13-14.  In response, Plaintiffs' former counsel submitted separate interrogatory answers on behalf of Plaintiffs Sean and Daryl Stephen.  Daryl's interrogatory answers stated that in November of 2005, he was "arrested and charged with hindering prosecution," was incarcerated for approximately 24 hours, and that he subsequently "pled guilty to hindering prosecution in the second degree."  Ex. 2, Plaintiff Daryl Stephen's Answers to Defendants' First Set of Interrogatories, dated Dec. 5, 2006 ("Daryl's Interrogatory Answers"), ¶¶ 13-14.

Because Daryl Stephen was a minor at the time of his 2005 arrest, and because his purported "conviction" was in fact a youthful offender adjudication,⁴ records regarding this issue

---

3   Plaintiffs have already filed a motion *in limine* to exclude certain evidence relating to Sean Stephen's arrest and conviction.  *See* Plaintiffs' Memorandum Of Law In Support Of Its Motion To Exclude Certain Evidence At Trial, dated Jan. 30, 2009, at 8-19.

4   Plaintiff Daryl Stephen is prepared to submit a sworn affidavit attesting to the fact that he received a youthful offender adjudication for hindering prosecution in the second degree, if this court deems the offer of such an affidavit necessary.

are sealed. Defendants have attempted to subpoena a criminal history report from the State of New York Division of Criminal Justice Services ("NY CJS"), and were informed that [NY CJS] is "unable to identify any record on file for the above mentioned individual or we have no criminal history record information which may be disseminated." *See* Ex. 3, Letter from B. Birnbaum to D. McGill dated June 30, 2008 (attaching letter from J. W. Stanco, Chief of the Records Management Bureau of the State of New York Division of Criminal Justice Services). This is consistent with the requirements of New York's criminal procedure law, which states that youthful offender adjudications are "not a judgment of conviction for a crime or any other offense," and that "all official records and papers" relating to youthful offender adjudications "are confidential and may not be made available to any person or public or private agency…." N.Y. C.P.L. § 720.35 (2007).

In addition to the confidentiality of such records, the Federal Rules of Evidence explicitly prohibit the impeachment of a witness with evidence of a juvenile adjudication. Rule 609 clearly states that, "[f]or the purpose of attacking the character for truthfulness of a witness …. [e]vidence of juvenile adjudications is generally not admissible under this rule." FED. R. EVID. 609(a), (d). As a result, the youthful offender adjudication described in Daryl's Interrogatory Answers may not be used as impeachment evidence, and Defendants should be precluded from introducing into evidence or inquiring about the facts underlying the incident.

Moreover, such information is irrelevant and highly prejudicial, as the details of a youthful offender adjudication in 2005 have no probative value for determining whether Defendants used unreasonable or excessive force during the July 10, 2002 incident. Introducing evidence of Daryl's youthful offender adjudication or permitting an inquiry into the underlying facts relating to the adjudication would also substantially prejudice Plaintiffs, by distracting and

confusing the jury, and by drawing their attention away from the facts and circumstances underlying Plaintiffs' excessive force claim. Such an outcome is squarely at odds with the clear language of Rule 403, and in contravention of the clear intent of N.Y. C.P.L. § 720.35.

For the foregoing reasons, Defendants should be precluded from offering into evidence any exhibits or references to Daryl's youthful offender adjudication pursuant to Rules 402, 403 and 609 of the Federal Rules of Evidence.

## CONCLUSION

For the reasons stated above, Plaintiffs request that the Court grant their motion *in limine*, together with any other relief this Court may deem just and proper.

Dated: February 13, 2009

Respectfully submitted,

MAYER BROWN LLP

By: /S/  Joseph De Simone

Joseph De Simone
David McGill
Shane Kelbley
Domenic Cervoni
1675 Broadway
New York, NY 10019
Tel: (212) 506-2500
Fax: (212) 849-2559
Email: jdesimone@mayerbrown.com
Email: dmcgill@mayerbrown.com
Email: skelbley@mayerbrown.com
Email: dcervoni@mayerbrown.com

*Attorneys for Plaintiffs*